David H. Pfeffer v. Commissioner.
Pfeffer v. Commissioner
Docket No. 90029.
United States Tax Court
T.C. Memo 1963-163; 1963 Tax Ct. Memo LEXIS 183; 22 T.C.M. (CCH) 785; T.C.M. (RIA) 63163; June 11, 1963
*183 David H. Pfeffer, pro se, 90 Laurel Hill Terrace, New York, N. Y. Arthur S. O'Neill for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the amount of $307.97 in petitioner's income tax for 1958. The principal question is whether costs incurred by petitioner in 1958 in attending law school were deductible by him as business expenses. Findings of Fact Petitioner, a resident of New York, New York, timely filed his 1958 Federal income tax return with the district director of internal revenue, Upper Manhattan district, New York. Petitioner graduated from City College of New York at the conclusion of the fall semester, 1955, with a degree in Chemical Engineering. Shortly thereafter he was employed as a chemical engineer by the Merck, Sharpe & Dohme Research Laboratories in Rahway, New Jersey. In September, 1956, he enrolled in the Master of Chemical Engineering program at the New York University Graduate School of Engineering; however, he subsequently withdrew from that program. It was also at approximately this time that petitioner decided he no longer wanted to do laboratory work in chemical engineering and began *184 to look for another position. On November 18, 1956, petitioner read the following advertisement in the New York Times: CHEMIST - Patent Liaison Large national industrial firm has opening for a recent college graduate, chemistry major, to work in area of patent liaison. Must have ability to meet and work effectively with people and express himself clearly in writing. No previous experience in patent liaison work necessary. Work will be out of northern New Jersey. Excellent opportunity for advancement from this position. Submit resume stating educational background, experience and salary requirements to: x6988. Times. Petitioner answered the advertisement, stating in part as follows: "I plan on attending evening law school, beginning this February. I am therefore seeking a position that will enable me to familiarize myself with the patent field as well as a position in which I might expect to use my legal training upon the completion of my studies." The advertisement had been placed by the United States Rubber Company which granted two interviews to petitioner as a result of his reply. During one of the interviews petitioner asked whether, if he were offered and accepted the *185 position, he would have to attend law school. From the answer he received he inferred that there would not be any such obligation. The United States Rubber Company did not require that an applicant for this position agree to attend law school. In due course petitioner was offered the position and accepted. The United States Rubber Company retains a law firm to handle its general legal work as well as its patent work. At most of the locations where it has development laboratories, one or more persons is employed to work in a liaison capacity for the company with its attorneys, particularly with respect to communicating technical information required in the prosecution of such matters as patent applications and patent interference. Petitioner was employed to perform such liaison work. Part of his duty was to collect, summarize and collate information, and put it in a form that would be useful to the company's attorneys. He prepared drafts of license agreements and amendments to patent applications, which would then be reviewed by the company's attorneys and put in final form by them. Petitioner also discussed inventions with research management, inventors and attorneys. The United *186 States Rubber Company does not have a legal department, nor does it have any position which a person possessing a law degree would automatically receive upon obtaining such degree. A member of the department in which petitioner worked who subsequently obtained a law degree would not necessarily be offered some other position with the company; nor was it a prerequisite that the manager of this department have a law degree; the present manager does not have a law degree. At the time petitioner was employed as a patent liaison engineer there were four or five other men doing similar work; some of them attended law school while performing these duties. After his acceptance of the position, petitioner entered law school, early in 1957. He had applied and was conditionally admitted to Seton Hall University. In 1958 petitioner attended Seton Hall during the spring semester. After attending a summer session in 1958 at New York University, he transferred to the New York University Law School in the fall of that year. Both Seton Hall University and New York University normally require their law school applicants to enroll in a program directed toward obtaining a law degree in not more than *187 four years. Petitioner's classes at both law schools were held in the evening. Throughout 1958, petitioner was employed by the United States Rubber Company as a patent liaison engineer, the position for which he was originally hired. The courses petitioner took improved his ability to perform his work. These courses furnished petitioner with a greater understanding of the nature of his work; he was able to understand more fully the kinds of precedent necessary in preparing amendments to patent applications, the various problems incurred in drafting contracts, the methods used in arguing patent office rejections, and could more effectively interpret references, present arguments and obtain information generally requested by the attorneys with whom he was working. Petitioner was also able to communicate more effectively with inventors and others while performing his liaison functions. Petitioner received his L.L.B. degree in February 1961, and was admitted to the New York bar in July 1961. On April 1, 1961, he left the employ of the United States Rubber Company and immediately became employed by a patent law firm in New York as a patent attorney. Prior to his becoming an attorney, *188 petitioner had been admitted to practice as a patent agent before the United States Patent Office. Among the deductions claimed by petitioner in his 1958 income tax return were tuitionand other expenses allegedly related to the cost of attending law school. Petitioner's principal purpose in attending law school was to obtain an L.L.B. degree, become a member of the bar, and to practice law thereafter. His expenses in connection with attending law school during the taxable year were not deductible as ordinary and necessary business expenses. Opinion RAUM, Judge: There is little doubt that petitioner's legal education was helpful to him in his job at the United States Rubber Company. If such had been his primary objective in undertaking his law school work, there would be substance to his claim for deduction of the expenses incurred in obtaining his legal education. Cf. ; . However, if his primary purpose were to obtain an L.L.B. degree, to be admitted to the bar and to practice law, it is plain that the cost of his legal education would not be deductible. Cf. *189 (C.A. 3); (C.A. 4), affirming , certiorari denied, ; . What was petitioner's primary purpose in this case during the taxable year? Purpose is subjective, and the Court is not bound by petitioner's self-serving testimony. As was stated in : The judicial ascertainment of someone's subjective interest or purpose motivating actions on his part is frequently difficult. One method by which such ascertainment may be made is to consider what the immediate, proximate, and reasonably to be anticipated consequences of such actions are and to reason that the person who takes such actions intends to accomplish their consequences. This reasoning is implicit in the Latin maxim "acta exteriora indicant interiora secreta", and in the more homely English adage "actions speak louder than words." Although the matter is not completely free from doubt, we are satisfied on this record that petitioner attended law school primarily in order to become a lawyer, and, in substance, we have so found as a fact. *190 Expenses thus incurred are not deductible. Petitioner has stressed the fact that one practicing before the United States Patent Office need not be a lawyer and that the patent work he performs for his law firm could be done by a patent agent who need not be a lawyer. This is beside the point. It is plain to us that petitioner intended to become a lawyer from the beginning, and it is a matter of no consequence that many tasks of a lawyer can also be performed by one who is not a member of the bar. The point is that petitioner is a lawyer, that he is associated with a law firm and practices law, and that he attended law school in order to become a lawyer. His expenses in that connection are not deductible. In view of the conclusion reached above it becomes unnecessary to decide whether certain contested expenses were properly related to the educational expenses, nor are we convinced on this record that petitioner was entitled to any other deduction in view of the standard deduction which the Commissioner allowed. Decision will be entered for the respondent.